NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| Omar U. Alaji, | : |
| | : |
| Plaintiff, | : 1:11-cv-03178 (RMB/KMW) |
| | : |
| v. | : |
| | : **OPINION** |
| New Jersey Air National Guard, | : |
| | : |
| Defendant. | : |

Appearances:

    Omar U. Alaji
    #1687 Prospect Park
    Brooklyn, NY 11233
        Plaintiff, pro se

**Bumb**, United States District Court Judge.

Plaintiff, appearing pro se, seeks to bring this action in forma pauperis. See 28 U.S.C. § 1915. This Court grants in forma pauperis status and, as required by 28 U.S.C. § 1915(e)(2)(B), screens the Complaint for dismissal. For the reasons set forth below, the Court will require a further submission from Plaintiff.

**I. BACKGROUND**

On May 24, 2011, Plaintiff Omar U. Alaji filed a complaint and motion for leave to proceed in forma pauperis in the Eastern

1

District of New York, alleging violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e – 2000e-17 ("Title VII") against the New Jersey Air National Guard.  See Dkt. Ent. 1, 2.  Plaintiff alleges that the National Guard discriminated against him because he is African-American and Muslim.  On May 31, 2011, the matter was transferred to the District of New Jersey.  See Dkt. Ent. 3.

   Plaintiff alleges the following in his Complaint:

> I believed [sic] I was discriminated against by the New Jersey National Guard when I was accepted for enlistment but then rejected in the span of a few days in January 2003.  I believed [sic] that this decision was made based on discriminatory remarks received by the U.S. Air Force Reserves, where I was unfairly denied security clearance.

Compl. at page 4.  Plaintiff attached a letter from the Equal Employment Opportunity Commission ("EEOC") to his Complaint, which informed Plaintiff that "the EEOC has no jurisdiction to investigate your allegations because they are untimely."  See Compl. Attachment A.

**II.   STANDARD FOR SUA SPONTE DISMISSAL**

   Pursuant to 28 U.S.C. § 1915(e)(2), "the court shall dismiss the case at any time if the court determines that...the action... fails to state a claim on which relief may be granted."  The Court thus must consider whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Sheridan v. NGK Metals

2

Corp., 609 F.3d 239, 263 n. 27 (3d Cir. 2010) (quoting Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Iqbal, 129 S.Ct. at 1949). The Court conducts a three-part analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id.

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). When reviewing a pro se complaint, however, "the court has an obligation to construe the complaint liberally." Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009); see also Erickson v. Pardus, 551 U.S. 89 (2007).

**III. ANALYSIS**

"A plaintiff bringing an employment discrimination claim under Title VII must exhaust his administrative remedies by complying with the procedural requirements set forth in 42 U.S.C. § 2000e-5." Fernandez v. Rose Trucking, Civ. No. 10-3409, 2011 WL 2065064, at *1 (3d Cir. 2011). "Those requirements include filing a complaint with the EEOC or its state equivalent within

3

300 days of the alleged violation." Id. (citing 42 U.S.C. § 2000e-5(e)(1)).  "Failure to exhaust administrative remedies does not affect the District Court's subject matter jurisdiction, however." Id. (citing Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1997)).  "Rather, failure to exhaust in Title VII cases, which is akin to failing to comply with a statute of limitations, is an affirmative defense which must be pleaded by the defendant." Id. (citing Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997).

"As a general proposition, sua sponte dismissal is inappropriate unless the basis is apparent from the face of the complaint." Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002) Here, Plaintiff's complaint clearly indicates that the alleged discriminatory conduct occurred on January 13, 2003.  See Compl. at page 3.  Plaintiff also attached to his Complaint a letter from the EEOC indicating that his allegations were untimely because they occurred more than 300 days before he filed his charge on April 7, 2011.  See Compl. Attachment A.  Thus, Plaintiff's failure to exhaust his administrative remedies is apparent from the face of the Complaint.

In an abundance of caution, however, the Court will permit Plaintiff an opportunity to explain his delay in pursuing his allegations for approximately eight years.  To avoid dismissal of his claim, Plaintiff must submit an affidavit or other statement,

4

sworn under penalty of perjury, explaining his delay in pursuing his claim.  If Plaintiff fails to provide an adequate explanation for the delay, his Complaint will be dismissed.

**IV. CONCLUSION**

For the reasons stated above, Plaintiff must submit an affidavit or other statement, sworn under penalty of perjury, explaining his delay in pursuing his discrimination claim.  If Plaintiff fails to explain the delay, his Complaint will be dismissed.  An appropriate order follows.


Dated: June 20, 2011          s/Renée Marie Bumb
                              RENÉE MARIE BUMB
                              United States District Judge

5